LAW OFFICE OF THOMAS R. ASHLEY, ESQ.
50 Park Place, Suite 1400
Newark, N.J. 07102
(973)623-0501/Fax (973)623-0329
ATTORNEY ID: 242391967
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------X

ISIAH ZIYAMBE-FREEMAN

        Plaintiff,

V.

BOARD OF EDUCATION, SOUTH
SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT;
NICOLE DUFAULT, individual and in
her official capacity;
JOHN DOES No. 1 to No. 10 (gender
neutral person(s) whose true identity
is presently unknown to plaintiff),
    Individually and in Their
    Respective Official capacities,
    Jointly and Severally,
    Defendants.
---------------------------------------X

CASE No. *2:16-CV-08292*

SECOND AMENDED COMPLAINT

COMPLAINT AND JURY DEMAND

    ISIAH ZIYAMBE-FREEMAN complains of the defendants by and through his attorney, THOMAS R. ASHLEY, ESQ., to redress his civil and legal rights, and allege as follows:

PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiffs seek relief and damages for the defendants' violations of their rights secured by 28 U.S.C §§ 1331, 1343 and 1367, 20 U.S.C. § 1681

    (a) *et seq.* ("Title IX of the Education Amendments of 1972"

1

or "Title IX"), 42 U.S.C. §  2000d, 42 U.S.C. §§  1983, 1988

and by the laws and Constitution of the United States and the State of New Jersey.

2. Plaintiffs each seek $1,000,000 in compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3. This action is brought pursuant to Title IX of the Education Amendments of 1972, 42 U.S.C. § 2000d, 42 U.S.C. §§ 1983, 1988, New Jersey Law Against Discrimination, Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990, and the Constitutions of the United States and the State of New Jersey.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's Title IX and civil rights.

5. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that the Defendants, and each of them, are

2

administratively located, reside in or are employed within the District of New Jersey, and the events giving rise to this claim occurred within the boundaries of the District of New Jersey.

<u>JURY TRIAL DEMANDED</u>

7.  Plaintiffs demand a trial by jury on each and every one of the claims as pleaded herein.

<u>PARTIES</u>

8.  At all times relevant to this action, Plaintiff ISIAH ZIYAMBE-FREEMAN was a resident of the County of Essex, State of New Jersey. Plaintiff is a black male who suffers from a learning disability.

9.  At all times relevant to this action, ISIAH ZIYAMBE-FREEMAN was a student enrolled and attending classes at Columbia High School, located in Maplewood, New Jersey.

10. Upon information and belief, Columbia High School ("Columbia") is an educational entity and institution that is owned, operated, managed and administered by defendant BOARD OF EDUCATION, SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT ("District").

11. Upon information and belief, defendant BOARD OF EDUCATION, SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT ("District") is a public body corporate, and the entity that operates Columbia located within the geographic confines of Essex County, New Jersey which is the subject of this lawsuit.

12. The District is charged at law with the duty to control,

3

organize and administer public schools in South Orange and
Maplewood, New Jersey including Columbia, and is responsible
for the operation and administration of all schools within
its jurisdiction in conformity with those rules and standards
prescribed by law.

13. Upon information and belief, the District receives federal
funding and financial assistance within the meaning of 20
U.S.C. § 1681(a) and is otherwise subject to Title IX and
Title VI.

14. At all times relevant to this action, Defendant Nicole
Dufault ("Dufault") was an employee of the District employed
as a teacher at Columbia.

15. Defendant District assumes the risks incidental to the
employment and maintenance of the District's agents, servants
and employees, including but not limited to Dufault.

16. Defendants JOHN DOE No. 1 to No. 10 (collectively "Doe"),
name being gender neutral and fictitious whose true identity
is presently unknown to Plaintiffs, at all times relevant
herein are and were employed by the District, as either
employees, agents, servants, or sub-contractors, and involved
in the actions and conduct hereinafter described.

17. Defendant District was at all times relevant the employer of
Dufault.

18. The term "District" collectively refers to the defendants
District and Board.

19. At all times relevant herein, the individual defendants

4

were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New Jersey and the District, in the course and scope of their duties and functions as agents, servants, and employees of Defendant District, were acting for, and on behalf of, and with the power and authority vested in them by the District and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued and judgment sought individually and in their respective official capacities.

20. By the conduct, acts, and omissions complained of herein, Defendants, and each of them, violated clearly established standards under Title IX, Title VI, and the Constitution of the United States and the New Jersey Law Against Discrimination.

<u>NOTICE OF TORT CLAIM</u>

21. Plaintiffs timely filed a Notice of Tort Claim with the named defendants setting forth the facts underlying Plaintiffs' tort claim against defendants.

22. To date, no answer has been received by Plaintiffs and no compensation has been offered by any Defendant in response to the notice of tort claim.

23. This action has been commenced within two years of the date of occurrence of the events giving rise to this Complaint, or no later than within two years of the minor plaintiffs having

reached and attained the age of majority.

## STATEMENT OF FACTS

24. From approximately 2005 through 2014 Dufault was employed by the District as a language arts teacher at Columbia High School ("relevant period").

25. Plaintiff ISIAH ZIYAMBE-FREEMAN was a minor child and an enrolled student at Columbia High School ("Columbia") at the time of the pertinent events of sexual harassment, assault and abuse that commenced on or about August 01, 2014, continuing for approximately two months from that date, as more specifically detailed herein.

26. Prior to the events at issue in this Complaint, when Plaintiff ISIAH ZIYAMBE-FREEMAN was first admitted to Columbia, the administrators and teachers of Columbia and the District were fully advised and fully aware that he: (a) was intellectually disabled, (b) had social communication difficulties, and (c) based on the totality of his medical and developmental conditions, had an academic and social developmental level that lagged his chronological age.

27. Prior to the events at issue in this Complaint, the administrators and teachers of Columbia and the School·District ISIAH ZIYAMBE-FREEMAN's cognitive and social developmental difficulties included difficulty in speaking up for himself and that he was susceptible to undue influence from adults; therefore, Defendants could not presume he could be an effective advocate for his own safety. As such,

Columbia and the District were on actual notice that ISIAH ZIYAMBE-FREEMAN was specifically vulnerable to sexual abuse and harassment, as well as the fact that developmentally-delayed children are, statistically, substantially more likely to be subjected to sexual abuse than their non-disabled peers, thus requiring specialized intervention following any report of sexual harassment or abuse in order to discover all pertinent facts of the nature and extent of the abuse suffered.

28. During the relevant period Dufault engaged in oral sex and vaginal intercourse with ISIAH ZIYAMBE-FREEMAN, with such illegal and unlawful acts occurring on both Columbia grounds and in Dufault's auto and witnessed by other Columbia students who were present.

29. The said actions against ISIAH ZIYAMBE-FREEMAN perpetrated by Dufault constituted pedophilia, sexual molestation, abuse and assault, sexual discrimination, harassment, abuse and violence based on his gender and disability and race within the meaning of Titles IX and VI, contrary to and in violation of the 14th Amendment and the Constitution of the United States and the New Jersey Law Against Discrimination.

30. During the relevant period the District received communications and information tantamount to an allegation that Dufault had undertaken and was engaging in inappropriate conduct, behavior and activities with several Columbia students, including but not limited to ISIAH ZIYAMBE-FREEMAN.

7

The District was duty bound and legally obligated to investigate any reports of alleged misconduct and inappropriate activity between a teacher and a student.

31.  The District negligently and recklessly failed to investigate the misconduct and inappropriate activity reported with respect to Dufault, thereby failing to take adequate steps to insure the safety of students within their charge.

32.  Through recklessly and negligently failing to investigate, the District tolerated and implicitly condoned, and indeed promoted such inactivity, and created an atmosphere of fear and sexual harassment to which ISIAH ZIYAMBE-FREEMAN was subjected to by Dufault.

33.  Further, as a result of the complaints which they failed to investigate, the District had actual and constructive notice that Dufault had sexually assaulted ISIAH ZIYAMBE-FREEMAN and thereby were placed on notice that Dufault was likely to sexually assault other Columbia students.

34.  Plaintiff ISIAH ZIYAMBE-FREEMAN was a victim of sexual violence and discriminatory treatment based his gender, race, and disability. Dufault targeted plaintiff and other similarly situated disabled black male students and subjected them to sexual harassment and assault. As result of Dufault's actions, plaintiff was unfairly discriminated against and denied the full benefit of his education and otherwise discriminated against in violation

of his civil rights.

35. Plaintiff had a right under Title IX not to be subjected to sexual violence, sexual assault, sexual discrimination, sexual harassment, and sexual abuse while he attended Columbia and had the right not to be subjected to retaliation for complaining about same.

36. At all times material hereto, District and Columbia officials, employees and/or agents with authority to institute corrective and preventive measures, had actual and constructive notice that plaintiff had been, and was continuing to be, sexually abused and harassed by Dufault during the relevant period.

37. At all times material hereto, defendants District, and the employees and/or agents had actual notice that the Dufault had sexually abused and assaulted and harassed plaintiff.

38. All Defendants breached the aforesaid non-delegable Title IX and VI duties.

39. At all times material hereto, Defendants District, their officials, employees and/or agents had actual and constructive notice that allowing ongoing exposure of Plaintiff to Dufault would result in a sexually harassing environment and inflict substantial mental health harm on plaintiff.

40. The sexual abuse and harassment suffered by said Plaintiff were sufficiently serious to limit, impede, frustrate and/or deny plaintiff the ability to participate in or benefit from

the school's educational and athletic opportunities and benefits.

41.   Had defendant District disciplined and discharged Dufault, this assault on ISIAH ZIYAMBE-FREEMAN and others similarly situated would not have occurred.

42.   As a result of the deliberate, reckless and/or negligent indifference of defendant District, the plaintiff ISIAH ZIYAMBE-FREEMAN was denied equal protection of the law based on his gender, race and disability in violation of both federal and state law.

43.   These acts and omissions by employees and supervisory personnel of the School DISTRICT, pursuant to policies, practices and customs which are well known and widely practiced, constitute acts under the color of law, within the meaning of 42 U.S.C. §§ 1983 and 1988, which have deprived plaintiff, of statutory and constitutional rights and privileges including, without limitation, the rights under the New Jersey Constitution (§ IV, i 1) that the "Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years," which guarantees education under conditions of all pupils to engage fully in learning without threats to their sense of security or self-esteem.

44.   Defendant DISTRICT, in its operation of Columbia, is an educational institution as defined by 20 U.S.C. §1681(c),

Title IX, Education Amendments of 1972 (hereinafter "Title IX").

45. Defendant District receives federal financial assistance, through a variety of educational programs. As a result, even if it were not obliged to do so under state law, the DISTRICT was required to adopt and implement sexual assault and anti-discrimination policies pursuant to and under Titles IX and VI.

46. Plaintiff ISIAH ZIYAMBE-FREEMAN suffered extraordinary and permanent harm due to the repeated sexually harassing conduct of and sexual assaults by Dufault, and the sexually hostile environment created by defendants at Columbia, of which each defendant knew, or should have known, and failed to correct.

47. Defendant District failed to take appropriate actions to protect plaintiff ISIAH ZIYAMBE-FREEMAN and others from sexual harassment and sexual assault within Columbia, after having actual and constructive notice of the harassment, all in violation of Title IX and in violation of rights guaranteed by the United States and New Jersey constitutions, statutes, laws and regulations.

48. Defendant DISTRICT knew, or through the exercise of a reasonably prudent investigation should have known, about the specific misconduct and sexual harassment committed by Dufault as early as 2001, and were deliberately and/or negligently indifferent to this misconduct, all to the harm

11

and continuing exposure of plaintiff ISIAH ZIYAMBE-
FREEMAN to a sexually hostile and threatening educational
environment.

49.  Alternatively, defendant DISTRICT should have been aware of
the misconduct and sexual harassment/assaults committed by
Dufault due to its pervasive nature, and Dufault's prior
history of committing such acts. The Defendant school
officials further should have investigated and properly
screened Dufault prior to hiring her.

50.  Defendants, through their actions and inactions described
herein, and through a pattern of deliberate and/or negligent
indifference, created and permitted quid pro quo sexual
harassment and a severe, pervasive and persistent sexually
hostile educational environment in violation of Title IX of
the Education Amendments of 1972 and Title VI.

51.  Defendants District violated the requirements  of Titles IX
and VI by the following acts and omissions, all of which were
conducted, and/or failed to be conducted, in  reckless,
negligent and deliberate indifference to the rights of
plaintiff ISIAH ZIYAMBE-FREEMAN guaranteed by Titles IX
and VI in reckless, negligent and deliberate indifference to
the risk of harm posed to each plaintiff:

            a.  allowing Dufault's employment to
                continue without investigation after
                receipt of reports and information
                alleging and/or suggesting Dufault was

engaged in inappropriate and/or improper conduct with Columbia students on and off school grounds;

b.    failing to communicate to students and their parents the identity of the Title IX coordinator, as required by 34 C.F.R. Sect. 106.8(a);

c.    failing to adopt and publish appropriate grievance procedures for the prompt and equitable resolution of sexual harassment and sex discrimination complaints in violation of Title IX;

d.    failing to disseminate an appropriate policy against sexual harassment;

e.    discouraging students and their parents from complaining about the sexual acts and harassment by defendant Dufault within the District;

f.    actively disregarding known sexual harassment of which defendants knew, or should have known, based upon complaints of students and staff at Columbia;

g.    failing to take immediate and appropriate corrective actions to remedy the known harassment and improper sexual acts by Dufault;

13

h.    taking steps known or which should have been known to be ineffectual in eliminating defendant Dufault's sexual harassment and improper sexual conduct of students at Columbia;

i.    knowingly permitting Dufault to put her hands on the bodies of plaintiff ISIAH ZIYAMBE-FREEMAN and other students, under inappropriate circumstances;

j.    failing to conduct a reasonably diligent inquiry regarding Dufault's sexually harassing conduct so as to end the harassment;

k.    failing to make a prompt, thorough and impartial inquiry into students' and staffs' allegations of inappropriate conduct and behavior by Dufault;

l.    failing to take appropriate steps to prevent harassment from occurring within Columbia;

m.    completely failing to supervise Dufault when defendants knew or should have known of her inappropriate contact with students and inappropriate behavior in the classroom;

n.    repeatedly giving "satisfactory" reviews

to Dufault regarding her interactions with students despite having actual or constructive knowledge of repeated inappropriate conduct and behavior;

o.    failing to promptly report acts of child abuse to the New Jersey Department of Social Services, when there was reasonable cause to do so;

p.    knowingly failing to establish an atmosphere throughout Columbia in which children will be safe, secure and happy and, in addition, have maximum opportunity to learn;

q.    failing to have adult to student sexual harassment training for its staff, thus exhibiting deliberate indifference to this condition at Columbia;

r.    failing to provide appropriate supervision, mentoring, and/or training to Dufault;

s.    failing to have a zero tolerance policy for sexual harassment in Columbia.

t.    failure to properly screen Dufault in the hiring process.

52.    As a direct and proximate result of defendants' conduct

15

described herein, plaintiff ISIAH ZIYAMBE-FREEMAN, as a minor child, suffered permanent embarrassment, permanent humiliation, permanent emotional injuries and was sexually assaulted by Dufault based on his race and gender, and plaintiff has suffered permanent mental anguish, protracted and permanent impairment of emotional health and have incurred and/or will likely incur medical expenses for treatment in the future and professional fees.

53. The preceding paragraphs are each re-alleged and repeated in each of the following paragraphs, as if fully set forth *verbatim* therein.

<u>CAUSES OF ACTION</u>

<u>FIRST CLAIM</u>

(DEPRIVATION OF RIGHTS UNDER 42 U.S.C. §§ 1983, 1988)

54. The conduct and actions of Defendant Dufault, acting under color of law, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a wanton and reckless disregard for the natural and probable consequences of her acts. Defendant Dufault subjected plaintiff to sexual harassment, assault and battery, and sexual abuse, all based on his gender as a disabled male student under her care in violation of the rights of plaintiff ISIAH ZIYAMBE-FREEMAN as guaranteed under 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, and against Titles IX and VI, the New Jersey Law Against Discrimination, and the laws of the State of New Jersey.

16

55.    As a direct and proximate result of the foregoing, plaintiff
ISIAH ZIYAMBE-FREEMAN was subjected to great physical
and emotional pain and humiliation, was otherwise damaged
and injured.

### SECOND CLAIM

(DEPRIVATION OF RIGHTS UNDER TITLE VI and

NEW JERSEY LAW AGAISNT DISRIMINATION)

56.    The conduct and actions of the named defendants under color
of law, were done intentionally, willfully, maliciously, with
a deliberate indifference and/or with a reckless disregard
for the natural and probable consequences of their acts, was
done without lawful justification or reason, and was designed
to and did cause specific and permanent serious physical and
permanent emotional pain and suffering in violation of the
rights of plaintiff Isaiah based on his gender and race as
guaranteed under Title VI, and the Fourteenth .Amendment to
the United States Constitution and the New Jersey Law Against
Discrimination.  Specifically, Dufault discriminated against
plaintiff Isaiah based on his gender, race, and disability in
that her acts of sexual assault were only committed upon
students who were members of those protected classes.  As a
direct result, plaintiff was denied the benefit of his
education.

57.    As a direct and proximate result of the foregoing,  plaintiff
ISIAH ZIYAMBE-FREEMAN was subjected to great permanent
physical and permanent emotional pain and humiliation, was

otherwise damaged and injured.

## THIRD CLAIM

(DEPRIVATION OF RIGHTS UNDER TITLE IX

AND NEW JERSEY LAW AGAINST DISCRIMINATION)

58.  The conduct and actions of the named defendants were done
     intentionally, willfully, maliciously, with a deliberate
     indifference and/or with a reckless disregard for the natural
     and probable consequences of their acts, in violation of
     the rights of plaintiff ISIAH ZIYAMBE-FREEMAN. Dufault
     committed acts of sexual assault and harassment only against
     male students to include plaintiff. Plaintiff was subjected
     to discriminatory treatment and sexual harassment based on
     his status as a male student at the district high school and
     deprived of his rights as guaranteed under 42 U.S.C. §1983
     and §1988 by depriving him of the federal statutory rights
     secured for him by Title IX, 20 U.S.C. § 1681.

59.  As a direct and proximate result of the foregoing, plaintiff
     ISIAH ZIYAMBE-FREEMAN was subjected to great physical and
     emotional pain and humiliation, was otherwise damaged and
     injured.

## FOURTH CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS
### (MONELL CLAIM AGAINST THE BOARD – 42 U.S.C. §1983)

60.  Defendants District and Board, directly caused the
     constitutional violations suffered by Plaintiff ISIAH
     ZIYAMBE-FREEMAN and are liable for the damages suffered by

18

said Plaintiffs as a result of the conduct of Dufault. The conduct of Dufault was a direct consequence of customs, policies and practices of the named Defendants herein.

61. At all times relevant to this complaint Defendant District and Board and defendant members of the Board had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Dufault, and were a direct and proximate cause of the permanent damages and permanent injuries complained of herein.

62. At all times relevant to this complaint, Defendant District and Board had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of the plaintiff's rights.

63. These policies, practices, customs, and usages were a direct and proximate cause of the illegal, improper and salacious conduct alleged herein by Dufault.

64. It was the policy and/or custom of the defendant District and Board to inadequately train, supervise and discipline its teachers, including Dufault, thereby failing to adequately discourage further constitutional violations by defendant Dufault.

65. As a result of the above described policies and customs, defendant Dufault, believed that her actions would not be properly monitored by supervisory staff and that misconduct would not be investigated or sanctioned, but rather would be tolerated.

66.   The wrongful policies, practices, customs and/or usages
      complained of herein, demonstrated a deliberate
      indifference on the part of policymakers of the District
      and Board to the constitutional rights of the plaintiffs
      and other Columbia students and were the direct and
      proximate cause of the violations of Plaintiffs' rights
      alleged herein. Furthermore, the District and Board failed
      to properly supervise and train and hire Dufault and such
      an failure amounted to a deliberate indifference to the
      rights of plaintiff as guaranteed by Title IX, Title VI,
      the United States and State Constitution, and the New Jersey
      Law Against Discrimination.

      FIFTH CLAIM: ASSAULT AND BATTERY (federal and state law)

67.   By the conduct and actions described above, Defendant Dufault
      inflicted the torts of assault and battery, rape, sexual
      assault, and endangering the welfare of a minor upon
      plaintiff.

68.   The acts and conduct of defendant Dufault were the direct and
      proximate cause of permanent injury and permanent damage to
      Plaintiff and violated Plaintiff's statutory and common law
      rights as guaranteed by the laws and Constitution of the
      United States and the State of New Jersey.

69.   The acts of Defendant Dufault constituted numerous crimes
      against plaintiff in that the above described bodily contact
      was intentional, unauthorized, and grossly offensive in
      nature to plaintiff.

70.  The actions of Defendant Dufault were intentional, reckless, negligent and unwarranted, and without any just cause or provocation, and Defendant Dufault knew, or should have known, that her actions were without the consent of Plaintiff.

71.  The permanent injuries sustained by plaintiffs were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

72.  As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, and was otherwise damaged and injured.

SIXTH CLAIM:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.  The conduct and acts of defendants Dufault, as described herein above, were without justification, was extremely outrageous, and utterly intolerable in a civilized community; it was conduct which exceeded all reasonable bounds of decency.

74.  The conduct and acts of defendant Dufault, described above, were intended to and did cause severe permanent emotional distress to Plaintiff.

75.  The conduct of defendant Dufault was the direct and proximate cause of injury and damage to each Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

76.  As a result of the foregoing, Plaintiff was subjected to

serious permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

SEVENTH CLAIM:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COMMON LAW CLAIM

77.   The conduct alleged herein of defendant Dufault, was careless and negligent and permanently affected the emotional health of Plaintiff ISIAH ZIYAMBE-FREEMAN and caused severe permanent emotional distress to Plaintiff.

78.   The acts and conduct of defendant Dufault were the direct and proximate cause of permanent injury and permanent damage to each Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

79.   As a result of the foregoing, Plaintiff was subjected to serious permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

EIGHTH CLAIM:   NEGLIGENT SUPERVISION, RETENTION AND TRAINING

COMMON LAW CLAIM

80.   Defendants District negligently trained, retained, and supervised defendant Dufault. The acts and conduct of defendant Dufault were the direct and proximate cause of permanent injury and permanent damage to each Plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New Jersey.

22

81.  As a result of the foregoing, each Plaintiff was subjected to great permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

<u>NINTH CLAIM: DISCRIMINATION BASED ON DISABILITY:</u>

82.  Plaintiff was unlawfully discriminated against based on his known disability and status as a black male student and otherwise sexually harassed and abused and deprived of the benefits of his educational opportunities and subjected to disparate treatment in violation of Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. Dufault specifically targeted members of plaintiff's protected class to take advantage of and sexually assault.

83.  As a result of the foregoing, each Plaintiff was subjected to great permanent physical and permanent emotional pain and suffering, and was otherwise damaged and injured.

<u>RELIEF REQUESTED</u>

WHEREFORE, plaintiffs demand judgment against all the defendants on each Count of the within Complaint, jointly and severally, as follows:

a.  Compensatory damages in the amount to be determined by a jury;

b.  Punitive damages against all defendants in an amount to be determined by a jury;

c.  A declaratory judgment that the actions and conduct of the defendants complained of herein are unlawful and illegal and

Case 2:16-cv-08292-CCC-JSA    Document 89    Filed 06/25/19    Page 24 of 24 PageID: 1233

violated plaintiffs' rights under the common law of New Jersey and the Constitution of the United States and New Jersey, Title IX and 42 U.S.C. §§ 1983, 1988;

d.    Permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, from engaging in, undertaking or condoning the continuing actions and conduct of the defendants complained of herein;

e.    Costs, pre- and post-judgment interest and attorney's fees;

f.    Any other, further or different relief as to the Court is just and proper.

### DESIGNATION OF TRIAL COUNSEL; JURY DEMAND

Pursuant to R. 4:5-1(c), THOMAS R. ASHLEY, ESQ. is designated as trial counsel for the plaintiffs before a jury of six in the above matter.

### CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other civil action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other civil action or arbitration proceeding is contemplated.

/S/ *THOMAS R. ASHLEY*
_____

THOMAS R. ASHLEY, ESQ.

Dated: June 21, 2019

24