**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER ORDER**

September 5, 2023

**TO:  ALL COUNSEL OF RECORD**

**Re:** *Freeman, et al. v. Board of Education, South Orange-Maplewood School District, et al.*,
**16-8292 (CCC) (JSA)**
*Ike, et al. v. Board of Education, South Orange-Maplewood School District, et al.*,
**16-9057 (CCC) (JSA)**
**(*Consolidated for Discovery Purposes Only*)**

Dear Counsel:

Before the Court is the motion of Ahmuty, Demers &McManus ("ADM"), to withdraw as counsel for Defendant Nicole Dufault ("Dufault"). (ECF No. 170 in Civ. No. 16-8292 and ECF No. 117 in Civ. No. 16-9057). No opposition was submitted.[1] No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered ADM's motion papers, and for the reasons set forth below, and for good cause shown, the motion to withdraw is **GRANTED**.

**I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

In these two cases,[2] Plaintiffs, U.I. and I.F. (sometimes collectively "Plaintiffs"), who were minor students during the relevant time periods, allege that they were sexually abused and

---

[1] Attorney Matthew Marotta has declared under penalty of perjury that he served a copy of ADM's motion to withdraw on his client, Nicole Dufault. (ECF No. 170).

[2] *Freeman, et al. v. Board of Education, South Orange-Maplewood School District, et al.*, 16-8292 (CCC) (JSA) and *Ike, et al. v. Board of Education, South Orange-Maplewood School District, et al.*, 16-9057 (CCC) (JSA) (collectively, herein, "these cases").

assaulted by Dufault while she was a teacher at Columbia High School in the South Orange-Maplewood School District and that Defendant South Orange-Maplewood Board of Education ("BOE") failed to protect Plaintiffs from the harm caused by Dufault. The Second Amended Complaint ("SAC") asserts claims for, among other things, violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. ("Title IX"); the United States Constitution, pursuant to 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"); and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. (SAC ¶¶ 1-3; ECF No. 89).[3] Since the Court writes only for the parties, familiarity with the facts and expansive procedural history is presumed. Therefore, the Court addresses only the factual and procedural background necessary to decide the motion.

On or about January 3, 2017, ADM was retained to represent and defend Dufault under Nautilus Insurance Company Policies ("Policies") in various state court matters brought against her and in these cases. (Decl. of Matthew Marotta, dated 5/4/23, ("Marotta Dec.") at ¶ 3, ECF No. 170). On January 23, 2017, Samuel Goffinet, Esq. of ADM ("Goffinet") entered an appearance for Dufault in these cases. (ECF No. 19). Thereafter, attorneys Michael Salvo and Marotta also from the ADM firm entered their appearances while Goffinet withdrew his appearance on February 13, 2019. (ECF Nos. 74 & 75).

Discovery had been proceeding for more than two years. Then, on December 5, 2019, the Honorable Joseph A. Dickson, U.S.M.J. (ret.) granted Dufault's informal application to stay these cases until the resolution of her state criminal prosecution. (ECF No. 98). On January 22, 2020, Dufault pled guilty in the underlying state criminal case to three counts of third-degree

---

[3] Unless noted otherwise, citations to the docket are to filings in Civ. A. No. 16-8292 (CCC) (JSA).

aggravated criminal sexual contact as to Plaintiff I.F. and other plaintiffs in the state court matters (collectively "Underlying Actions"). (Marotta Dec. at ¶ 4). On May 7, 2021, the Undersigned issued a Text Order, granting Plaintiffs' unopposed request to lift the stay and proceed with discovery.[4] (ECF No. 120).

On February 16, 2022, Nautilus Insurance Company ("Nautilus") filed a declaratory judgement action in this District Court against Dufault and the various state plaintiffs including U.I. and I.F., seeking a judicial declaration that the Policies do not afford coverage to Dufault in the Underlying Actions either for defense or indemnity because none of these civil actions are predicated on Dufault's "educational employment activities." ("Declaratory Judgment Action"). (Marotta Decl. at ¶ 5 and Exh. A). On July 8, 2022, Nautilus moved for summary judgement in the Declaratory Judgment Action. (*Id.* at ¶ 6 and Exh. B). On May 9, 2023, the Honorable Claire C. Cecchi, U.S.D.J. entered an opinion and order granting Nautilus's motion for summary judgement seeking a declaratory judgment against Dufault and concluding that Nautilus does not have a duty to defend or indemnify Dufault in the Underlying Actions ("May 8th Opinion & Order"). (*Id.* at ¶ 7 and Exh. C).

On April 13, 2023, counsel for Nautilus advised Dufault, by letter, of the May 8th Opinion & Order. (*Id.* at ¶ 8 and Exh. D). And as a result of Judge Cecchi's rulings, counsel further advised Dufault that Nautilus would be withdrawing the defense in the Underlying Actions. (*Id.*).

By email correspondence dated April 14, 2023, attorney Matthew Marotta, counsel for Dufault in these cases, ("Marotta") reiterated Nautilus' summary judgment decision, and thus the need for Marotta and his firm to withdraw as counsel. (*Id.* at ¶ 9 and Exh. E). Marotta requested

---

[4] Fact discovery closed on May 25, 2022. (ECF No. 144). Expert discovery will be completed by October 7, 2023. (ECF No. 171).

that Dufault sign "two withdrawal of counsel orders" consenting to his firm's withdrawal in these cases. (*Id.*). On the following day, Dufault responded by email, thanking Marotta for "all your hard work," and returning the signature pages of the "withdrawal of counsel orders." (*Id.*). Thereafter, on April 17, 2023, Marotta filed the two withdrawal of counsel submissions on the Court docket. (*Id.* at ¶ 10 and Exh. F, *see* ECF No. 165).

On April 17, 2023, this Court vacated the two withdrawal of counsel submissions as they did not comply with Local Civil Rule 102.1. (ECF No. 165). The Court further issued a text order on April 19, 2023, scheduling a hearing by Zoom Videoconference on April 28, 2023 to address the withdrawal of counsel submissions and directing all counsel of record, including Marotta, as well as Dufault to appear.[5] (ECF No. 166). Consistent with Local Civil Rule 102.1 and for the reasons set forth on the record during the May 3rd hearing, this Court issued a Text Order on May 3, 2023, directing Marotta to file a formal motion to withdraw on or before May 12, 2023. (ECF No. 169). The Court further directed Dufault to file a response on or before May 31, 2023. (*Id.*). Lastly, this Court ordered Marotta to serve a copy of the May 3rd Text Order on Dufault. (*Id.*). On May 3, 2023, Marotta emailed a copy of the May 3rd Text Order to Dufault. (Marotta Dec. at ¶ 11 and Exh. G, ECF No. 170-7).

On May 4, 2023, Marotta filed the instant motion to withdraw and served a copy of it on Dufault by email correspondence and by regular U.S. mail. (ECF No. 170). To date, Dufault has submitted no response, let alone by the May 31st court-ordered deadline.

## II.   DISCUSSION

ADM's motion to withdraw as counsel is governed by Local Civil Rule 102.1 and New

---

[5] The hearing was rescheduled for May 3, 2023 based on Plaintiffs' counsel's unavailability on April 28th. (ECF Nos. 167 & 168).

Jersey Rule of Professional Conduct 1.16(b). *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). Local Civil Rule 102.1 provides, in relevant part, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. Other courts in this District have recognized "'[w]hether to permit an attorney to withdraw is within the discretion of a court.'" *Mazariegos v. Monmouth Cty. Corr. Inst.*, Civ. No. 12-5626, 2017 U.S. Dist. LEXIS 211786, at *5 (D.N.J. Dec. 27, 2017) (citation omitted); *see also Cuadra v. Univision Communs., Inc.*, Civ. No. 09-4946, 2012 U.S. Dist. LEXIS 48431, at *14 (D.N.J. Apr. 4, 2012). Further, under Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct ("RPC") govern the conduct of attorneys before the District of New Jersey. L. Civ. R. 103.1(a); *accord In re Congoleum Corp.*, 426 F.3d 675, 687 (3d Cir. 2005) (citing *United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996)); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

As such, in reviewing a motion to withdraw, Courts in this District apply RPC 1.16, which governs an attorney's withdrawal from client representation. Subsection (b) of RPC 1.16 addresses the grounds on which an attorney may be permitted to withdraw from representing a client as follows:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

5

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause shown for withdrawal exists.

RPC 1.16(b).

Guided by RPC 1.16(b), Courts in this District consider four criteria in evaluating a motion to withdraw: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case." *Haines*, 814 F. Supp. at 423 (citation omitted); *see also U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Here, in support of withdrawal, ADM submits that Judge Cecchi determined in her May 8th Opinion and Order that Dufault is not entitled to coverage under the Nautilus Policies because the Underlying Actions do not arise out of Dufault's "educational employment activities." Accordingly, Nautilus and coverage counsel, ADM, are not obligated to defend or indemnify Dufault in these cases. (ECF 170 at 17). ADM further submits that no prejudice would result if the motion were granted because Dufault and the other parties have not opposed the motion and discovery is complete. (675, 687 (3d Cir. 2005) (citing *United States v. Balter*, 91 F.3d 427, 435 (3d Cir. 1996)); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993). ADM also states that withdrawal will not adversely impact the administration of justice and will not significantly delay resolution of this case. (*Id.* at 18). ADM submits, on the other hand, that the firm will suffer financial hardship if it were not permitted to withdraw because the firm would be compelled to expend additional

legal fees defending these cases when the District Judge ruled in the related declaratory judgment action that the firm has no duty to defend because coverage no longer exists. (*Id.*).

In considering the relevant factors and ADM's basis for seeking withdrawal, this Court is satisfied that ADM has shown good cause to withdraw as counsel. It is clear, from the Court's review of the motion papers, that ADM no longer has a duty to defend Dufault in these cases. Under these circumstances, to require ADM to remain as counsel of record for Dufault in these cases would create an unreasonable financial burden on ADM. Further, Dufault has been served with but has not opposed the motion.

The Court is cognizant that permitting ADM to withdraw may cause delay here. That delay, however, will not cause a materially adverse impact on any of the parties. At the time the instant motion to withdraw was filed, fact discovery had been closed. Expert discovery closes on October 7, 2023, but neither a final pretrial conference nor a trial date have been set in this matter. Thus, any new counsel for Dufault could reasonably familiarize him or herself with the case without causing substantial delay. Moreover, courts have permitted withdrawal under similar circumstances. *See U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc.,* 994 F. Supp. at 252-53 (granting leave to withdraw where no prejudice to any party was shown, the final pretrial order had not been entered nor a trial date scheduled, and where counsel and client had become "mired in an ongoing fee dispute which had affected their working relationship"); *see also Marlowe Patent Holdings v. Dice Elecs.*, Civ. No. 10-1199, 2013 U.S. Dist. LEXIS 84599, at *8 (D.N.J. June 17, 2013) (granting motion to withdraw as counsel where client had not paid legal fees and court deemed client had "sufficient time and opportunity to seek new counsel without causing undue delay in the proceedings"). Given these facts, the Court does not see any prejudice to the parties.

Further, the Court does not find the withdrawal will cause any harm to the administration of justice given Judge Cecchi's determination that coverage no longer exists. Finally, withdrawal

of counsel will not unduly delay this case as Dufault was made aware of Judge Cecchi's determination in April 2023, and thus has had time to secure new counsel or decide whether she intends to defend herself.

### III. DECISION

Accordingly, the Court finds that good cause exists to permit ADM's withdrawal of representation in this matter, pursuant to Local Civil Rule 102.1, and thus the motion to withdraw is **GRANTED**. Defendant Nicole Dufault shall have forty-five (45) days until **October 20, 2023**, for substitute counsel to enter an appearance on her behalf, or she shall be deemed to be representing herself *pro se*. ADM, through Matthew Marotta, is directed to serve Dufault with a copy of this Letter Order by overnight mail, regular mail, and by email correspondence **within three (3) business days** of this Letter Order. ADM's withdrawal shall not be effective until service is complete and proof of service is filed on the Court's docket. ADM shall provide the Court with Dufault's mailing address.

The parties shall file a joint status letter ten (10) days after new counsel, if any, has entered an appearance on behalf of Dufault, **but no later than October 30, 2023**, confirming whether expert discovery has been completed. The October 17, 2023 Telephone Status Conference is adjourned, pending receipt and review of the parties' anticipated joint status letter.

The Clerk of the Court is directed to terminated the motion to withdraw filed as ECF No. 170 in Civ. No. 16-8292 and ECF No. 117 in Civ. No. 16-9057.

**SO ORDERED.**

/s/ Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Claire C. Cecchi, U.S.D.J.